**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 20-4056**

───────────

UNITED STATES OF AMERICA,

             Plaintiff − Appellee,

     v.

DAMONTAZE MONTRELL TILLERY, a/k/a Country,

             Defendant – Appellant.

───────────

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Rebecca Beach Smith, Senior District Judge. (4:19−cr−00031−RBS−LRL−1)

───────────

Submitted: June 30, 2020                    Decided: August 17, 2020

───────────

Before AGEE and DIAZ, Circuit Judges, and TRAXLER, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Nicholas R. Hobbs, HOBBS & HARRISON, PLLC, Hampton, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, Howard J. Zlotnick, Assistant United States Attorney, Lisa R. McKeel, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

1

PER CURIAM:

Damontaze Montrell Tillery was sentenced to life plus 240 months' imprisonment after a jury found him guilty on four counts: use of a firearm during a drug-trafficking crime resulting in death, in violation of 18 U.S.C. §§ 924(j) and 1111(a); conspiracy to possess with intent to distribute ecstasy, in violation of 21 U.S.C. § 846; attempted possession with intent to distribute ecstasy, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846; and possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g).

On appeal, Tillery argues that there was insufficient evidence to support his firearms convictions and that the district court erred in cross-referencing the first-degree murder Sentencing Guideline when it sentenced him. For the reasons that follow, we affirm.

I.

A.

This case stems from a meeting gone bad between Tillery and Javon Stephenson. Text messages admitted at trial show that Tillery agreed to trade Stephenson a firearm in exchange for drugs on July 26, 2018. That night, Tillery arranged with Stephenson, via text and phone calls, to meet on a residential street for the exchange. Security video footage from a nearby home, later obtained by police, shows two individuals approach Stephenson's parked car. The individual on the driver's side, later identified as Tillery, interacted with Stephenson. The other individual, later identified as Tillery's cousin, approached, but never reached, the passenger's side of Stephenson's car. Approximately

2

thirty seconds after Tillery reached the driver's-side window, Stephenson drove away. Tillery then began running, but quickly transitioned to walking, in the opposite direction. Tillery's cousin ran in the same direction as Tillery. Another angle of the video footage shows Stephenson's car hopping a curb and hitting a building a few seconds later.

Emergency services later arrived and found Stephenson dead in the driver's seat with gunshot wounds to his left chest and side. There was a bullet hole in the driver's-side door, with the bullet coming from outside the driver's side of the car. Three cartridge casings, which forensic evidence showed came from the same firearm, were found in the middle of the street near where Tillery and Stephenson had met. Officers found a bag containing 6.18 grams, or roughly $600 worth, of ecstasy in the gap between the driver's-side door and driver's seat. A digital scale and cell phone were also recovered from the vehicle.

Almost a month later, Tillery went to the police in an effort to clear his name. In his interview, Tillery told the police that he and Stephenson had changed the terms of their exchange so that Stephenson would front Tillery the drugs and Tillery would get him a firearm at a later date; that two other men had fired at him and Stephenson from the front of Stephenson's car; and that he had been alone when he met with Stephenson. After being confronted with the security footage, Tillery admitted that his cousin had accompanied him to the meeting.

## B.

Tillery was charged with four counts: (1) use of a firearm during a drug-trafficking crime resulting in death, in violation of 18 U.S.C. §§ 924(j) and 1111(a); (2) conspiracy to

3

possess with intent to distribute ecstasy, in violation of 21 U.S.C. § 846; (3) attempted possession with intent to distribute ecstasy, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846; and (4) possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g).

Tillery proceeded to trial. At the close of the government's evidence, Tillery moved for judgment of acquittal, and the district court denied the motion. The jury subsequently found Tillery guilty on all four counts. Tillery moved to set aside the jury's verdict, which the court also denied.

Tillery's presentence report calculated his advisory sentencing range under U.S.S.G. § 2A1.1, the first-degree murder guideline, and recommended life imprisonment.* Tillery objected to the application of § 2A1.1, arguing that U.S.S.G. § 2A1.2, the second-degree murder guideline, should apply instead because Stephenson's murder wasn't premeditated.

At sentencing, the district court found by a preponderance of the evidence that the murder was premeditated, supporting the application of § 2A1.1. As evidence of premeditation, the court noted that Tillery had set the meeting location, carried a firearm to the crime scene knowing that Stephenson would be unarmed (because he needed to purchase a firearm), fired four shots at a close range and then calmly walked away from

---

* Section 2K2.1(c)(1)(B) of the advisory Sentencing Guidelines instructs that if the defendant used a firearm in connection with the commission of another offense and death resulted, the court should apply "the most analogous offense guideline" from the Guidelines chapter governing homicide offenses.

4

the scene, changed his telephone number, and made false statements to the police. The district court thus sentenced Tillery to life imprisonment for Count 1, plus 240 months' imprisonment for Counts 2, 3, and 4.

This appeal followed.

## II.

Tillery makes two arguments on appeal: (1) that the evidence is insufficient to support his convictions for the firearms charges, and (2) that the district court clearly erred in finding that Stephenson's murder was premeditated for purposes of calculating Tillery's sentencing range. We reject both arguments.

## A.

We first turn to Tillery's sufficiency of the evidence argument. We will uphold a verdict if "it is supported by substantial evidence, which is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018) (cleaned up). We view the evidence in the light most favorable to the government. *United States v. Fall*, 955 F.3d 363, 375 (4th Cir. 2020). "A defendant who brings a sufficiency challenge bears a heavy burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear." *Savage*, 885 F.3d at 219 (cleaned up).

Tillery contends that the video footage creates a reasonable doubt because it doesn't show that Tillery possessed or fired a firearm during his interaction with Stephenson. We disagree.

First, the home surveillance video footage isn't as exculpatory as Tillery claims. As the government notes,

> because of the angle from which it was shot, the . . . video does not reveal one way or another whether the defendant was holding a gun or whether he fired the shots that killed Stephenson. But the video *is* entirely consistent with defendant being present at the driver's-side door when the fatal shots occurred, and the forensic evidence established that the bullets that killed Stephenson were fired from that direction.

Appellee's Br. at 26.

Second, the evidence presented at trial, though circumstantial, was sufficient for the jury to fill in the blanks left by the video footage and find that Tillery killed Stephenson. *See United States v. Osborne*, 514 F.3d 377, 387 (4th Cir. 2008) (holding that circumstantial evidence alone can support a conviction). Here, Tillery's communications with Stephenson before the exchange, his presence at Stephenson's driver's-side window, the forensic evidence that the shots that killed Stephenson were fired from the direction of where Tillery stood, and the bullet casings found near where Tillery stood are, taken together, more than sufficient to support the jury's verdict.

B.

We next turn to Tillery's argument that the district court clearly erred by finding that the murder was premeditated for purposes of § 2A1.1. When determining a Guidelines range, a district court may find facts by a preponderance of the evidence. *United States v.*

6

*Alvarado Perez*, 609 F.3d 609, 614 (4th Cir. 2010). We then review those factual findings for clear error. *United States v. Layton*, 564 F.3d 330, 334 (4th Cir. 2009). "Under clear-error review, our task is to determine whether the district court's account of the evidence is plausible in light of the record viewed in its entirety." *United States v. Patterson*, 957 F.3d 426, 435 (4th Cir. 2020) (cleaned up).

We find no clear error in the district court's finding of premeditation, and thus affirm its decision to apply the first-degree murder guideline. "'Premeditation' is a fully formed conscious purpose to kill[.]" *United States v. Abdullah*, No. 06–4970, 2007 WL 2046801, at \*4 (4th Cir. July 13, 2007) (unpublished) (per curiam) (quoting 40 Am. Jur. 2d *Homicide* § 44 (2007)). Importantly, we have held, as have other circuits, that there is no requisite amount of time for premeditation to form. *See United States v. Brown*, 518 F.2d 821, 826 (7th Cir. 1975); *Faust v. North Carolina*, 307 F.2d 869, 871 (4th Cir. 1962). Indeed, it can form "in a moment" and must exist only "for such time as will allow the accused to be conscious of the nature of the act he is about to commit and the probable result of that act." *Abdullah*, 2007 WL 2046801, at \*4 (quoting 40 Am. Jur. 2d *Homicide* § 44 (2007)).

Here, the district court found that Tillery set the meeting location, carried a firearm to the meeting knowing that Stephenson would be unarmed, fired up to four shots at a close range, and then calmly walked away. In light of this evidence, it's at least plausible that the murder was premeditated. Further, though the meeting between Tillery and Stephenson lasted only about thirty seconds, it was long enough for Tillery to form premeditation. Accordingly, the district court did not err by applying the first-degree murder guideline.

\*　　\*　　\*

For the reasons given, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*